**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YIHONG JIN,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　　Respondent. | No.　18-72750<br><br>Agency No. A200-266-237<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**
Honolulu, Hawaii

Before: FARRIS, McKEOWN, and BADE, Circuit Judges.

YiHong Jin ("Jin"), a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal.  *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014).  We review denials of asylum and withholding of removal for substantial evidence, *id.*, and we deny the petition.

## I.

Jin claims persecution on account of her Christian religion.  In May 2010, police arrested Jin as she was leaving a Christian house church service.  She was detained overnight at the police station and interrogated.  During the questioning, one of the officers struck Jin on her arms and shoulders with his baton.  Jin suffered bruises but did not require medical care.  Before Jin's release, her father paid a fine of 2,000 yuan.  Jin was also forced to sign a guarantee letter agreeing that she would not attend any house church gatherings and would report regularly to the police.

## II.

Jin argues that her "arrest, detention, assault, and release conditions" show that she experienced past persecution and is entitled to relief under asylum.  The totality of the evidence does not compel a finding of past persecution, *see Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998), and Jin has not established

---

[1] Jin failed to challenge the IJ's denial of CAT protection in her appeal to the BIA.  Therefore, the BIA determined that she had waived her claim to protection under CAT.  Jin does not challenge that determination in this appeal.

2

a well-founded fear of future persecution.

Jin's detention, interrogation, and beating closely mirror that suffered by the petitioner in *Gu v. Gonzales*, 454 F.3d 1014 (9th Cir. 2006), where the court concluded "that the evidence [did] not compel a result contrary to the BIA's." *Id.* at 1021. While Jin's statement in her brief is correct that the court has "explicitly rejected the implication . . . that persecution stems from the severity of the beating," incidents suffered by petitioners are considered under the totality of the circumstances standard. *See, e.g.*, *Gu*, 454 F.3d at 1020–21. The BIA recognized that Jin's detention and beating were "harsh" but concluded that they did "not rise to the level of persecution." This conclusion is supported by substantial evidence. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995).

In addition, unlike the petitioner in *Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018), Jin failed to carry her burden to show that she cannot practice her religion. The conditions of her release forbade her from attending church services at an unregistered house church. However, her sole reason for not wanting to attend a state-sponsored church is not applicable to the autonomous Korean Christian Churches she admits she could attend. Thus, substantial evidence supports the agency's determination that Jin failed to carry her burden to show that she was unable to practice her religion. *See Singh v INS*, 134 F.3d 962, 967 (9th Cir. 1998).

Jin also failed to establish a well-founded fear of future persecution, which

must be subjectively genuine and objectively reasonable. *See Montecino v. INS*, 915 F.2d 518, 520–21 (9th Cir. 1990). The objective prong is established by "adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) (internal citation omitted). Jin has not shown that her fear was objectively reasonable with credible, direct, and specific evidence. Thus, substantial evidence supports the agency's decision denying Jin asylum relief.

### III.

To qualify for withholding of removal, Jin must establish that it is "more likely than not" that her life or freedom would be threatened on account of her Christian religion. *See INS v. Stevic*, 467 U.S. 407, 413, 429–30 (1984). This "clear probability standard is more stringent than the well-founded fear standard for asylum." *Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014) (internal citation omitted). Because Jin has not carried her burden to show a well-founded fear of future persecution, she cannot establish the higher clear probability standard required for withholding of removal. Thus, the agency's denial of Jin's application for withholding of removal is supported by substantial evidence and we deny her petition.

**PETITION DENIED.**

4